EBEL, J.,
concurring.
“A person who knowingly takes anything of value from the person or presence of another by use of force, threats, or intimidation commits robbery” under Colorado law. Colo. Rev.. Stat. § 18-4-301(1). The district court held that such an offense is categorically a violent felony under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(2)(B), because it “has as an element the use, attempted use, or threatened use of physical force against the person of another,” with force defined as “force capable of causing physical pain or injury to another person,” Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). On appeal, Defendant-Appellant Michael Harris argues that the force Colorado requires to support a robbery conviction based on “use of force” is less than the “force” the ACCA requires. Instead, according to Harris, Colorado law permits a robbery conviction based on only de minimis force. I agree with the majority’s analysis rejecting Harris’s argument. See Maj. Op. at 1266-68. On that basis, I concur in denying Harris 28 U.S.C. §. 2255 relief.
The majority, however, goes on to address whether Colorado robbery committed by means of threat or intimidation has as an element the use, attempted use, or threatened use of physical force against another capable of causing physical pain or injury. But Harris never makes any argument on appeal implicating either of those two means of committing robbery in Colorado. The Government, in Harris, logically did not address those other two means of committing robbery either. The majority’s discussion of those “constructive force” means is, therefore, not as well-informed as it could be and; in any event, amounts only to dicta, dicta with which I disagree.
The majority concludes we have to address Colorado robbery by means of threat or intimidation because,' in determining whether a state conviction categorically qualifies as a “violent felony” under the ACCA, we must focus on the least conduct criminalized by the Colorado robbery statute. See Maj. Op. at 1268-69 n.9 (citing Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013)). Even so, that does not justify ignoring time-honored jurisprudence limiting our decisions to the issues raised by the parties.
Here, we have no briefing or argument from the parties to frame the question of whether Colorado robbery by means. of threat or. intimidation requires proof of the same or greater force than the ACCA requires for a “violent felony.” Resolution of that issue will affect countless defendants in the future. Moreover, as I have indicated in my dissent in United States v. Crump, No. 15-1497, — Fed.Appx.-, 2017 WL 33530 (10th Cir. 2017), there are arguments made in. that case that persuade at least me that Colorado robbery committed by means of threats or intimidation does not qualify categorically as a *1272 “violent felony.” The majority’s opinion here does not address those specific arguments.
The majority fears inconsistent rulings: If we hold Harris’s Colorado robbery conviction to be categorically a “violent felony” without addressing robbery by threat or intimidation, we might inconsistently later hold that Colorado robbery by threat or intimidation does not qualify as a “violent felony.” But that possibility is easily solved here by noting in the Harris opinion that Harris argued only that Colorado robbery conviction based on “use of force” can be satisfied by less force than the ACCA requires for a “violent felony,” and we therefore leave for another day any consideration of Colorado robberies committed by threat or intimidation.
As it turns out, waiting for that other day is not a problem. Crump, which we also decide today, squarely places before this panel the more inclusive question of whether a Colorado robbery committed by force, threat, or intimidation necessarily has as an element the use, attempted use, or threatened use of physical force against another person which constitutes force capable of causing physical pain or injury. The parties in Crump fully briefed and argued all the issues necessary for this court to decide that question in that case. I would, therefore, address all three means of committing robbery in Colorado in that case and, for the reasons stated in my dissent in Crump, I conclude there that a Colorado robbery conviction is not categorically a “violent felony” under the ACCA.